**IN THE UNITED STATES DISTRICT COURT**
**OF THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SSCP RESTAURANT INVESTORS LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-2016** |
| | § | |
| **JIGNESH N. PANDYA, RONAK J. PANDYA, VALENTINO F. DIGIORGIO III, KRUPA PATEL, PANDYA RESTAURANT GROWTH BRANDS, LLC, PANDYA MANAGEMENT, LLC, ENGAGE BRANDS, LLC, and BOSTON MARKET CORPORATION,** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT VALENTINO F. DIGIORGIO, III'S NOTICE OF REMOVAL**

COMES NOW, Valentino F. DiGiorgio, III, Defendant herein, and files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), effectuating the removal the action styled and numbered SSCP RESTAURANT INVESTORS, LLC v. JIGNESH N. PANDYA, RONAK J. PANDYA, VALENTINO F. DIGIORGIO III, KRUPA PATEL, PANDYA RESTAURANT GROWTH BRANDS, LLC, PANDYA MANAGEMENT, LLC, ENGAGE BRANDS, LLC, AND BOSTON MARKET CORPORATION, Cause No. DC-24-06964, in the 193rd Judicial District, Dallas County, Texas, (the "State Court Action") and in support thereof would respectfully show the Court as follows:

## I. REMOVAL IS TIMELY

A "notice of removal of a civil action or proceeding shall be filed within 30days **after the receipt by the defendant** . . . ." 28 U.S.C. § 1446(b)(1) (emphasis added). Plaintiff SSCP Restaurant Investors, LLC filed "Plaintiff's Original Petition" on May 10, 2024. Therein, Plaintiff

sought service on DiGiorgio, and all other Defendants, through the Texas Secretary of State. (Plaintiff's Original Petition, ¶¶ 9-16).

Under Texas law, a plaintiff may seek to serve a defendant through a statutory agent. *R L Eldrige Const., Inc. v. Blake Offshore, LLC*, No. 1:08-CV-162-TH, 2008 WL 11348289, * 3 (E.D. Tex. June 6, 2008). When a plaintiff seeks service through a statutory service, rather than personal service, "the timeline for removal begins to run with actual receipt by the defendant . . . and not with the receipt by the statutory agent . . . ." *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2015 WL 5923996, *3 (N.D. Tex. Oct. 9, 2015) (Fish, J.). Courts in all four federal district courts in Texas have consistently held that it is the receipt of process by a defendant, and not a statutory agent for service of process, such as the Texas Secretary of State or the Chair of the Texas Transportation Commission, that triggers any removal obligations and deadlines. *Id.*; *Young v. Johnson*, No. SA-19-CV-00270-OLG, 2019 WL 13193956, *2 (W.D. Tex. May 22, 2019) (collecting cases); *Blum's Furniture Co. v. Certain Underwriters of Lloyds London*, No. H-09-3479, 2009 WL 5062086, *1 (S.D. Tex. Dec. 16, 2009); *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D.Tex.1998) (Lake, J) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process."); *Eldridge*, No. 1:08-CV-162-TH, 20008 WL 11348292. Finally, "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecommunications, Inc.* 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

As to DiGiorgio, the Return of Service from the Texas Secretary of State reflects the Citation and Petition for this matter were delivered to DiGiorgio on July 8, 2024. (Ex. F).

Accordingly, as this Notice of Removal is filed within thirty days of receipt by DiGiorgio, removal is timely. 28 U.S.C. §1446(b).

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

The district courts of the United State have jurisdiction over this matter on the basis of diversity of citizenship because the citizenship of Plaintiff is different than the citizenship of each and every Defendant, and no Defendant is a citizen of the same state as Plaintiff. 28 U.S.C. § 1332.

### A. PLAINTIFF IS A CITIZEN OF TEXAS AND NO OTHER STATE

Plaintiff is a limited liability company with its principal place of business in Dallas, Texas. (Petition at ¶ 7). For diversity jurisdiction, the citizenship of a limited liability company is that of its members. On information and belief, the members of Plaintiff's LLC are either natural persons, Sunil Dharod, Chris Dharod, and Puja Dharod, who are now, and at the time this action was commenced, citizens and residents of the State of Texas and no other state, or SSCP Management, Inc., a corporation organized under the laws of the State of Texas and having its principal place of business in Texas. Accordingly, on information and belief, all members of Plaintiff were at the time this action was commenced, and are currently, citizens of the State of Texas and no other state. *See*, United States District Judge Xavier Rodriguez's Standing Order Concerning Removed Cases, dated January 6, 2023, (providing that, after a diligent investigation, "the removing party may allege its citizenship on information and belief.") (citing *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) (permitting a party to allege diversity jurisdiction after a reasonable inquiry because "[t]he unincorporated association, which is in the best position to ascertain its own membership, may then mount a factual challenge by identifying any member who destroys diversity.")), available at https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Concerning-Removed-Cases-For-Judge-Xavier-

Rodriguez.pdf (last visited August 5, 2024). Therefore, for purposes of diversity jurisdiction, the citizenship of Plaintiff is the State of Texas and no other state.

### B. DEFENDANTS ARE CITIZENS OF DELAWARE, PENNSYLVANIA, MASSACHUSETTS, AND COLORADO, AND NO OTHER STATE

Defendant Jignesh N. Pandya is a natural person who, at the time this action was commenced, and is currently, a citizen and resident of the Commonwealth of Pennsylvania. (Petition at ¶ 9). Accordingly, for purposes of diversity jurisdiction, the citizenship of Jignesh N. Pandya is the Commonwealth of Pennsylvania and no other state.

Defendant Ronak J. Pandya is a natural person who, at the time this action was commenced, and is currently, a citizen and resident of either the Commonwealth of Pennsylvania or the Commonwealth of Massachusetts. (Petition at ¶ 10). Accordingly, for purposes of diversity jurisdiction, the citizenship of Ronak J. Pandya is either the Commonwealth of Pennsylvania or the Commonwealth of Massachusetts and no other state. Either way, Defendant Ronak J. Pandya's citizenship is diverse from that of Plaintiff SSCP Restaurant as required to establish diversity jurisdiction.

Removing Defendant Valentino F. DiGiorgio, III, is a natural person who, at the time this action was commenced, and is currently, a citizen and resident of the Commonwealth of Pennsylvania. (Petition at ¶ 11). Accordingly, for purposes of diversity jurisdiction, the citizenship of DiGiorgio is the Commonwealth of Pennsylvania and no other state.

Defendant Krupa Patel is a natural person who, at the time this action was commenced, and is currently, a citizen and resident of the Commonwealth of Pennsylvania. (Petition at ¶ 13). Accordingly, for purposes of diversity jurisdiction, the citizenship of Krupa Patel is the Commonwealth of Pennsylvania and no other state.

As alleged in the Petition, Defendant Pandya Restaurant Growth Brands, LLC is a Delaware limited liability company with its principal place of business in the Commonwealth of Pennsylvania. (Petition at ¶ 13). On information and belief, the sole member of Pandya Restaurant is Defendant Jignesh N. Pandya. Accordingly, for purposes of diversity jurisdiction, the citizenship of Pandya Restaurant Growth Brands, LLC, is the Commonwealth of Pennsylvania and no other state.

As alleged in the Petition, Defendant Pandya Management, LLC, is a Pennsylvania limited liability company with its principal place of business in the Commonwealth of Pennsylvania. (Petition at ¶ 13). On information and belief, the sole member of Pandya Management is Defendant Jignesh N. Pandya. Accordingly, for purposes of diversity jurisdiction, the citizenship of Pandya Management, LLC, is the Commonwealth of Pennsylvania and no other state.

As alleged in the Petition, Defendant Engage Brands, LLC is a Delaware limited liability company with its principal place of business in the Commonwealth of Pennsylvania. (Petition at ¶ 15). On information and belief, the sole member of Pandya Restaurant is Defendant Jignesh N. Pandya. Accordingly, for purposes of diversity jurisdiction, the citizenship of Engage Brands, LLC, is the Commonwealth of Pennsylvania and no other state.

Defendant Boston Market Corporation is a corporation organized under the laws of the state of Delaware, having its principal place of business in either the State of Colorado or the Commonwealth of Pennsylvania. *See* (Petition at ¶ 16). Accordingly, for purposes of diversity jurisdiction, the citizenship of Boston Markert is Delaware, Colorado, and/or Pennsylvania. Therefore, Defendant Boston Market Corporation's citizenship is diverse from that of Plaintiff as required to establish diversity jurisdiction.

### C. PLAINTIFF IS DIVERSE FROM EACH AND EVERY DEFENDANT

In sum, on information and belief, the citizenship of Plaintiff is that of the State of Texas and no other state. Further, the citizenships of all Defendants are that of the Commonwealth of Pennsylvania, the Commonwealth of Massachusetts, the State of Delaware, and the State of Colorado and of no other state. Therefore, the citizenship of all persons on one side of the controversy, Plaintiff, and its members, is different than the citizenship of each and every Defendant and their members. Accordingly, this is a matter between citizens of different states, complete diversity of citizenship exists, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III. AMOUNT IN CONTROVERSY

In addition to complete diversity of citizenship, the complaint must meet the Court's $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a). The methods for properly asserting the amount in controversy are outlined in 28 U.S.C. § 1446. As relevant here, "the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). As alleged in Plaintiff's Original Petition, "Plaintiff seeks monetary relief over $1,000,000 . . . ." (Petition at ¶ 152). In any event, Plaintiff alleges this is an action "to recover substantial damages . . . ." (Petition at ¶ 1). Additionally, Plaintiff alleges numerous transactions at issues in this matter, including amounts totaling $4,403,000.00 (Petition at ¶ 37), transfers totaling $23,236,000.00. (Petition at ¶ 43), and more than $10 million in unearned management fees (Petition at ¶ 45). A commonsense review of Plaintiff's allegation as to the monetary relief sought, combined with the allegations in the Petition, dictate the inescapable conclusion that the Court's jurisdictional minimum is met.

## IV. PROCEDURAL REQUIREMENTS

Removal of this action is proper pursuant to 28 U.S.C. § 1441 since it is a civil action brought in a state court over which the federal district courts have jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is diverse of all Defendants and the amount in controversy is met.

Removal of the state court action to this Court is proper because it was filed in Dallas County, Texas, and the Dallas Division of the Northern District of Texas is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a); 28 U.S.C. 124(a)(1).

Pursuant to 28 U.S.C. § 1446(b)(2), all Defendants that have been served, Defendants Pandya Restaurant Growth Brands, LLC, Pandya Management, LLC, and Engage Brands, LLC, consent to the removal of this action. (Ex. A) The remaining Defendants, Jignesh N. Pandya, Ronak J. Pandya, Krupa Patel, and Boston Market Corporation have not yet been served through receipt of their Service Packets and, therefore, their consent to removal is not required. *See* State Court Action Docket Sheet (Ex. C) (showing returns of service only for Defendants Pandya Management, LLC, Engage Brands, LLC, and Removing Defendant DiGiorgio).[1]

By virtue of filing this Notice of Removal, DiGiorgio as the removing defendant, does not waive his rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by applicable Federal law or the Federal Rules of Civil Procedure. DiGiorgio does not waive and specifically reserves any and all objections, exceptions, or defenses to the Petition, including but not limited to moving to have this matter dismissed.

1 Additionally, Counsel for removing Defendant DiGiorgio verified, using the Texas Secretary of State Service of Process search feature, that the Service Packets do not show delivery to the remaining defendants, Jignesh N. Pandya, Ronak J. Pandya, Krupa Patel, and Boston Market Corporation. Search function available at the following link: https://direct.sos.state.tx.us/citations/serviceofprocesssearch.asp (last visited August 7, 2024).

Pursuant to by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, written notice thereof shall be given to all adverse parties and a copy of this Notice of Removal will be filed with the District Clerk for the 193rd Judicial District, Dallas County, Texas.

Pursuant to 28 U.S.C. § 1446(a) and LR 81.1, the following is "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" and the State Court Docket Sheet identified as attached hereto as follows:

| Exhibit | Description | Date Filed in State Court |
|---|---|---|
| A | Defendants Pandya Restaurant Growth Brands, LLC, Pandya Management, LLC, and Engage Brands, LLC Consent to Removal with Affidavit of William Carson | N/A |
| B | State Court Docket Sheet | NA |
| C | Plaintiff's Original Petition | 05/10/2024 |
| D | Request for Service | 05/16/2024 |
| E | Issue Citation Comm of Ins. Or SOS Boston Market Corporation | 05/16/2024 |
| F | Issue Citation Engage Brands LLC | 05/16/2024 |
| G | Issue Citation Pandya Management LLC | 05/16/2024 |
| H | Issue Citation Krupa Patel | 05/16/2024 |
| I | Issue Citation Valentino F. DiGiorgio III | 05/16/2024 |
| J | Issue Citation Ronak J. Pandya | 05/16/2024 |
| K | Issue Citation Jignesh N. Pandya | 05/16/2024 |
| L | Issue Citation Boston Market Corporation | 05/16/2024 |
| M | Issue Citation Engage Brands LLC | 05/16/2024 |
| N | Issue Citation Pandya Restaurant Growth Brands LLC | 05/16/2024 |
| O | Issue Citation Krupa Patel | 05/16/2024 |
| P | Issue Citation Valentino F. DiGiorgio III | 05/16/2024 |
| Q | Issue Citation Ronak J. Pandya | 05/16/2024 |
| R | Issue Citation Jigesh N. Pandya | 05/16/2024 |
| S | Issue Dismissal for Want of Prosecution | 07/03/2024 |
| T | Citation Return of Secretary of State of Engage Brands LLC | 07/15/2024 |
| U | Citation Return of Secretary of State of Valentino F. DiGiorgio, III | 07/15/2024 |
| V | Citation Return of Secretary of State of Pandya Management LLC | 07/15/2024 |
| W | Initial Dismissal Docket | 07/01/2024 |
| - | Civil Cover Sheet | - |
| - | Supplemental Cover Sheet | - |

## V. PRAYER

**WHEREFORE**, Defendant Valentino F. DiGiorgio III, pursuant to and in conformance with 28 U.S.C. §§ 1332, 1441, and 1446 removes this action for trial from the 193rd Judicial District, Dallas County, Texas to this Court on this, the 7th day of August 2024.

Respectfully submitted,

**COZEN O'CONNOR, P.C.**

By: /s/ Kendall Kelly Hayden
Kendall Kelly Hayden
State Bar No. 24046197
khayden@cozen.com
William D. Carson
State Bar No. 24122473
wcarson@cozen.com
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
Telephone: (214) 462-3000
Telecopier: (214) 462-3299

**ATTORNEYS FOR DEFENDANT VALENTINO F. DIGIORGIO, III**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, on August 7, 2024.

J. David Apple
State Bar No. 01278850
J. DAVID APPLE, P.C.
735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone: (972) 315-1900
Facsimile: (972) 315-1955
Email: jdapple@jdalaw.com

**ATTORNEYS FOR PLAINTIFF**

Kendall K. Hayden