**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SSCP RESTAURANT INVESTORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>JIGNESH N. PANDYA, RONAK J. PANDYA, VALENTINO F. DIGIORGIO III, KRUPA PATEL, PANDYA RESTAURANT GROWTH BRANDS, LLC, PANDYA MANAGEMENT, LLC, ENGAGE BRANDS, LLC, and BOSTON MARKET CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-CV-2016-K |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff SSCP Restaurant Investors LLC's Motion for Default Judgment against Defendants Ronak J. Pandya, Pandya Restaurant Growth Brands, LLC, and Boston Market Corporation (collectively, the "Defendants") (the "Motion") (Doc. No. 52). The Court has carefully considered the Motion, the supporting evidence, Plaintiff's Original Petition ("Plaintiff's Complaint") (Doc. No. 6-3), and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. Background.

Plaintiff SSCP Restaurant Investors LLC ("SSCP" and "Plaintiff"), as purchaser of substantially all assets, including all claims, causes of action, and avoidance actions,

of Debtors CBHC Liquidating Company, formerly known as Corner Bakery Holding Company ("CB HoldCo"), CBCRC Liquidating Corp., formerly known as CBC Restaurant Corp ("CB OpCo"), and CBCCI Liquidating Inc., formerly known as CBC Cardco, Inc. ("CB CardCo" and, collectively with CB HoldCo and CB OpCo, the "Debtors" or "Corner Bakery"), brought this action to recover damages suffered by Corner Bakery due to alleged breaches of fiduciary duties and fraudulent transfers by Defendants. Jay Pandya purchased Corner Bakery through his son, Ronak Pandya ("Ronak"), and Pandya Restaurant Growth Brands, LLC ("PRGB") in October 2020, several months after purchasing Boston Market Corporation ("Boston Market") through Engage Brands, LLC in April 2020. Jay Pandya named his son, Ronak Pandya, President and Chief Executive Officer of Corner Bakery, and appointed him as one of its two directors.

While Corner Bakery was insolvent, $33,886,000 was transferred from Corner Bakery to Boston Market. Subsequently, the company's lender declared a default and accelerated its indebtedness. Eventually, Corner Bakery sought bankruptcy protection. Plaintiff purchased substantially all of Corner Bakery's assets in the bankruptcy case, including its causes of action.

Plaintiff asserts claims for (1) avoidance of transfers as actual fraudulent transfers pursuant to Tex. Bus. & Comm. Code §24.005(a)(1), (2) avoidance of transfers as constructively fraudulent transfers pursuant to Tex. Bus. & Comm. Code §24.005(a)(2), (3) breach of fiduciary duty, (4) aiding and abetting breach of fiduciary

duty, and (5) unjust enrichment. Plaintiff asserts that it has suffered damages in the amount of $33,886,000, plus reasonable and necessary attorneys' fees, interest and court costs.

Plaintiff filed this lawsuit in Texas state court on May 10, 2024. Defendant Valentino F. DiGiorgio removed the case to federal court based upon the Court's diversity jurisdiction. *See* Doc. No. 6 at 3 (all citations to CM/ECF page numbers unless otherwise noted). Specifically, Plaintiff's citizenship for diversity purposes is that of its members, who are all citizens of Texas. *Id.* at 3–4. Defendants, on the other hand, are all citizens of Pennsylvania, Delaware, or Colorado. *Id.* at 4–6. Defendants Ronak, PRGB and Boston Market are the only remaining Defendants in this case. Plaintiff properly served Defendants Ronak on January 13, 2025 (Doc. No. 28), PRGB on December 17, 2024 (Doc. No. 27), and Boston Market on December 24, 2024 (Doc. No. 26). Defendants failed to answer or otherwise respond to Plaintiff's Complaint. Plaintiff filed its Request for Entry of Default Judgment on March 14, 2025. Doc. No. 35. On March 14, 2025, a Clerk's Entry of Default was entered against these Defendants. Doc No. 36. Plaintiff then filed the present Motion, which the Court now addresses.

## II. Analysis.

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis

in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A plaintiff moving for entry of default judgment must establish that: (1) plaintiff served defendant with the summons and complaint and that default was entered for defendant's failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2–3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55 and *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). A court may enter default judgment and determine damages without conducting an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**A. Default Judgment is Appropriate.**

The elements required for entering a default judgment are satisfied. The Court finds, as a threshold matter, that Plaintiff made a *prima facie* showing that the Court has diversity jurisdiction over this matter. Plaintiff is a citizen of Texas because all of its members are citizens of Texas. Doc. No. 6 at 3–4; *Carden v. Arkoma Assocs.*, 494 U.S.

185, 196 (1990) (citizenship of a limited liability company is determined by the citizenship of each of its members). Defendants are citizens of Pennsylvania, Delaware, or Colorado. *See id.* at 4–6; *see also SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home.") (citing *Gilbert v. David*, 235 U.S. 561, 568–69 (1915)). Further, the Court finds that it may exercise personal jurisdiction over Defendants. Defendants are not minors or incompetent persons, nor are they currently serving in the military. Doc. No. 35; *see* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a), (b)(1)(A) – (B).

In determining whether to enter default judgment against Defendants, the Court also considered "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the [D]efendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court finds that default judgment is proper. Because Defendants defaulted, the Court takes as true Plaintiff's well-pleaded allegations; so, there are no material facts at issue. *See Nishimatsu Constr. Co., Ltd*, 515 F.2d at 1206. There is no substantial prejudice to Defendants because Plaintiff properly served Defendants, the basis for default is clearly established, and the Clerk properly entered default against Defendants. *See Joe Hand Promotions, Inc. v. 2*

*Tacos Bar & Grill, LLC*, Civ. Action No. 3:16-CV-1889-M, 2017 WL 373478, at *2 (N.D. Tex. 2017) (Lynn, C.J.). Indeed, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Nothing before the Court suggests that Defendants' default resulted from a good faith mistake or excusable neglect. Further, Defendants have had more than a year to answer or respond to Plaintiff's Complaint and more than five months to respond to the Motion, "which mitigates the harshness of a default judgment." *Joe Hand*, 2017 WL 373478, at *2; *see id.* ("Entering default judgment against [the defendants], who have taken no action to respond to this action, is not 'harsh'"). The Court is not aware of any "good cause" that exists which would require the Court to set aside the default on a motion by Defendants. *See H&G Contractors*, 2011 WL 4738197, at *3.

**B. The Pleadings Present Sufficient Basis for Default Judgment.**

The Court also finds that the pleadings support a default judgment against Defendants. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint."). Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because they did not appear or respond to Plaintiff's Complaint, Defendants have not contested any factual allegations in the Complaint and, by their default, admit Plaintiff's well-pleaded allegations. *See Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

The Court takes as true Plaintiff's well-pleaded factual allegations and has carefully considered the elements Plaintiff must establish for its claims. The Court finds Plaintiff's well-pleaded allegations sufficiently support a default judgment against Defendants on each of the claims. The Court finds that Plaintiff's Complaint provides a sufficient basis for entry of default judgment against Defendants for (1) avoidance of transfers as actual fraudulent transfers pursuant to Tex. Bus. & Comm. Code §24.005(a)(1), (2) avoidance of transfers as constructively fraudulent transfers pursuant to Tex. Bus. & Comm. Code §24.005(a)(2), (3) breach of fiduciary duty, (4) aiding and abetting breach of fiduciary duty, and (5) unjust enrichment.

**C. Damages, Costs, and Attorneys' Fees.**

Plaintiff asks the Court to award actual damages, attorneys' fees, prejudgment and post-judgment interest, and court costs.

**1. Actual Damages**

On this record, the Court can determine by mathematical calculation the amount of actual damages without the need for an evidentiary hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see James v. Frame*, 6 F.3d at 311 (quoting *Frame*

*v. S-H, Inc. ("Frame I")*, 967 F.2d 194, 204 (5th Cir. 1992)) ("fees could be 'computed with certainty by reference to the pleadings and supporting documents alone,' rendering an evidentiary hearing unnecessary").

In support of its Motion, Plaintiff provides a sworn declaration and supporting calculations. Doc. No. 52 at 6–19. The Court finds that Plaintiff sufficiently proved its actual damages and that mathematical calculation can determine the amount without the need for an evidentiary hearing. The Court finds that Plaintiff is entitled to recover $33,886,000.00 in actual damages from Defendants. The Court also finds that Plaintiff is entitled to prejudgment interest at the rate of 4.10% from the date this lawsuit was filed until the day preceding the date the Court enters judgment. *See* TEX. FIN. CODE ANN. § 304.103 (prejudgment interest calculated at the same rate as post-judgment interest); § 304.104 (prejudgment interest accrues on earlier of (1) the 180th day after the date the defendant receives written notice of a claim or (2) the date the suit is filed). Further, the Court finds that Plaintiff is entitled to recover post-judgment interest at the rate of 4.10% from the date judgment is entered until the date the judgment is paid. *See* 28 U.S.C. § 1961.

**2. Costs and Attorneys' Fees**

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (internal quotations omitted) (*Exxon Corp. v. Burglin*, 4 F.3d 1294, 1301 (5th Cir. 1993)); *see also Mathis v. Exxon Corp.*, 302 F.3d

448, 461 (5th Cir. 2002) (in diversity cases, state law "controls both the award of and the reasonableness of [attorneys'] fees awarded."). Under Texas law, "[a] person may recover reasonable attorney's fees from an individual or organization ... in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." TEX CIV. PRAC. & REM. CODE § 38.001(8); *see Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017) ("[A]n award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim.").

Plaintiff provided the sworn affidavits of its counsel, J. David Apple, regarding the reasonableness of his hourly rate, the reasonableness of the hourly rates of co-counsel, billing records identifying the number of hours he worked and the dates on which the work was performed; and a description of the work performed. *See* Doc. No. 52 at 21–23; Doc. No. 55 (billing records). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court finds that the total requested fees of $18,112.50 are reasonable and necessary and that Plaintiff is entitled to said fees.

In addition to its attorneys' fees, Plaintiff also seeks to recover its costs of $3,348.58. As the prevailing party on its claims, Plaintiff is entitled to recover its costs. The Court finds sufficient documentation for these costs and awards Plaintiff its costs

of $3,348.58. *See* Doc. No. 52 at 21–23.

**III. Conclusion.**

The Court **GRANTS** Plaintiff's Motion as to Defendants Ronak J. Pandya, Pandya Restaurant Growth Brands, LLC, and Boston Market Corporation, on its claims for (1) avoidance of transfers as actual fraudulent transfers pursuant to Tex. Bus. & Comm. Code § 24.005(a)(1), (2) avoidance of transfers as constructively fraudulent transfers pursuant to Tex. Bus. & Comm. Code § 24.005(a)(2), (3) breach of fiduciary duty, (4) aiding and abetting breach of fiduciary duty, and (5) unjust enrichment. The Court **AWARDS** Plaintiff (1) actual damages totaling $33,886,000.00, (2) prejudgment interest at the rate of 4.10% from the date this lawsuit was filed until the day preceding the date the Court enters judgment, (3) post-judgment interest at the rate of 4.10% from the date judgment is entered until the date the judgment is paid, (4) reasonable and necessary attorneys' fees in the amount of $18,112.50, and (5) costs in the amount of $3,348.58.

The Court will enter final default judgment by separate order.

**SO ORDERED.**

Signed July 29th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE